**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3918
_____

HENGKY PAJOW,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079 318 400)
Immigration Judge:  Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 13, 2013
Before:  RENDELL, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed:  March 14, 2013)
_____

OPINION
_____

PER CURIAM

        Hengky Pajow, a native and citizen of Indonesia, petitions for review of an order

of the Board of Immigration Appeals ("BIA") denying his motion to reopen his

immigration proceedings.  For the reasons that follow, we will deny the petition for

review.

Pajow was admitted to the United States in 2000 as a visitor. In 2006, an Immigration Judge found Pajow removable for staying in the country longer than authorized, denied his applications for asylum and other relief, and granted his request for voluntary departure. In February 2008, the BIA dismissed Pajow's appeal of the denial of relief from removal and allowed him to voluntarily depart the United States within 60 days. Pajow was represented by attorney Yan Wang at his hearing and on appeal. He did not petition for review of the BIA's decision.

Pajow did not voluntarily depart the United States. In November 2011, more than three years after the final administrative order was issued, Pajow moved to reopen his immigration proceedings. Represented by new counsel, Joan Pinnock, Pajow sought to apply for adjustment of status based on an approved visa petition filed on his behalf by his wife. In April 2012, the BIA denied the motion, finding it untimely and noting that, while Pajow had described his former counsels' actions, he had not alleged that counsel had provided ineffective assistance nor had he complied with the procedural requirements for an ineffective assistance of counsel claim under Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). The BIA also found no basis to reopen the proceedings sua sponte. Pajow did not seek further review.

Pajow then retained his present counsel and filed a motion to reopen in July 2012 asserting ineffective assistance of counsel. Pajow explained that during his proceedings Yan Wang had failed to pursue adjustment of status based on his marriage to a lawful permanent resident of the United States and had encouraged him to agree to voluntary

2

departure. Pajow also explained that he had retained attorney Joyce Phipps in 2007, during the pendency of his appeal to the BIA, to file a visa petition based on his marriage. Pajow did not receive notice of the interview date for the petition and Phipps allegedly did not tell Pajow the date. As a result, the petition was denied in May 2008. Pajow submitted documentation purporting to show that he had complied with Lozada's requirements for reopening his proceedings based on the ineffective assistance of Wang and Phipps.

The BIA found the motion untimely and number-barred and concluded that Pajow had not shown that the requirements for filing a motion to reopen should be equitably tolled based on ineffective assistance of counsel. The BIA decided that Pajow had not complied with Lozada's requirement that he file a complaint against counsel with disciplinary authorities. Although Pajow had explained that he did not file a complaint against Wang because she had resigned from the bar of the United States Court of Appeals for the Second Circuit during disciplinary proceedings, the BIA found no evidence that Wang was not a member of good standing of a state bar. The BIA noted that Wang had been suspended from practice before the BIA and the Immigration Court, but that she was reinstated in 2011. The BIA found that Pajow had not complied with Lozada as to Phipps because he had not submitted evidence that he actually mailed his complaint to Phipps or to the state bar.

The BIA also ruled that Pajow had not shown that he acted with due diligence in bringing his current complaint. Finally, the BIA decided that Pajow had not shown that

3

he was prejudiced by counsels' actions because he had not shown a reasonable likelihood that the result would have been different if the alleged errors had not occurred. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the denial of a motion to reopen for abuse of discretion. Alzaarir v. Att'y Gen., 639 F.3d 86, 89 (3d Cir. 2011) (per curiam).

An alien generally may file one motion to reopen and that motion must be filed within 90 days of a final administrative decision. Alzaarir, 639 F.3d at 90 (citing 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2)). Pajow's present motion to reopen was filed more than four years after the 90-day period in his case expired. Ineffective assistance of counsel may equitably toll the time for filing a motion to reopen and possibly the numerical limit for such motions. Id. An alien must show that he exercised due diligence over the entire period that tolling is desired. Id. In order to evaluate an ineffective assistance of counsel claim, the BIA requires an alien to, among other things, inform his former counsel of the allegations against him and allow him an opportunity to respond, and address whether or not a complaint has been filed with the appropriate disciplinary authorities. Lozada, 19 I. & N. Dec. at 639. We have adopted Lozada's procedural requirements, but strict compliance is not always required. Rranci v. Att'y Gen., 540 F.3d 165, 172-74 (3d Cir. 2008).

Pajow does not address in his brief the BIA's ruling that he failed to satisfy the requirements of Lozada. As noted above, the BIA found inadequate Pajow's explanation

4

that he did not file a complaint against Yang because she had resigned from the bar of the Second Circuit Court of Appeals. The BIA also found that Pajow did not establish that his complaint against Phipps was mailed to her or to the state bar. Because Pajow does not challenge the BIA's decision in this regard, we could deny the petition for review on this basis alone.[1]

We also conclude, however, that the BIA did not abuse its discretion in ruling that Pajow did not establish that he exercised due diligence in bringing his current complaint. Pajow contends that he has always tried to rectify his status in the United States, but he does not explain the three-year passage of time between his final administrative order and the denial of the visa petition filed by Phipps in 2008 and his first attempt to reopen his proceedings in 2011.

Accordingly, we will deny the petition for review.[2]

---

[1]Pajow states in his brief only that he submitted bar complaints against Wang and Phipps and that Phipps responded to his bar complaint. See Pet'r's Br. at 14, 17. The record does not include a complaint against Wang or a response by Phipps.

[2]We need not address the BIA's additional conclusion that Pajow was not prejudiced by counsels' conduct. Pajow's request in his brief for oral argument is denied.